U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

NOV 1 9 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY
    SHREVEPORT

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION NO. 05-0778 |
| | CRIMINAL NO. 02-60029-01 |
| VERSUS | JUDGE DONALD E. WALTER |
| STEPHEN MICHAEL LONG | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before this Court is a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [Doc. #78] filed by defendant, Stephen Michael Long. The Government opposes this motion. For the reasons assigned herein, Long shall be permitted to take an out-of-time appeal and his other claims for relief shall be **STAYED** pending the outcome of that appeal.

## STATEMENT OF THE CASE

On June 26, 2002, a federal grand jury returned a seventy-eight-count indictment against defendant, Stephen Michael Long. Count One charged Long with threatening the use of a weapon of mass destruction, namely twenty-five bombs, in violation of 18 U.S.C. § 2332a(a)(2). Counts Two through Thirty-Seven charged Long with threatening the use of a weapon of mass destruction, namely anthrax, a biological agent, also in violation of 18 U.S.C. § 2332a(a)(2). Count Thirty-Eight charged Long with mailing threatening communications, in particular, sending a letter through the Postal Service threatening to detonate bombs, in violation of 18 U.S.C. § 876. Counts Thirty-Nine through Seventy-Four charged Long with mailing threatening communications, in particular, sending letters through the Postal Service threatening the detonation of bombs and contamination with anthrax, a biological agent, also in violation of 18 U.S.C. § 876. Counts Seventy-Five through

Seventy-Eight charged Long with the interstate transmission of threats by wire, in violation of 18 U.S.C. § 875(c).

Based on the evidence at trial, on or about April 12, 2002, Long sent a letter to a television station in Lafayette, Louisiana, wherein Long stated that he had placed twenty-five bombs throughout the Acadiana area.  On or about April 18, 2002, Long also sent over 200 letters to local, state and federal law enforcement agencies, courthouses, television stations, newspapers, law offices, private businesses, offices of the University of Louisiana at Lafayette, health care providers, and federal, state and local elected officials.  The majority of these letters contained an unknown white powdery substance that was later determined to be baby powder.  Many of the letters also indicated that Long had placed twenty-five bombs throughout the Acadiana area.  In June 2002, Long also sent to two television stations e-mail messages containing threats against specific individuals.

On January 9, 2004, following a jury trial, Long was convicted on all seventy-eight counts. On May 5, 2004, Long was sentenced to 360 months on Counts One through Thirty-Seven, and twenty-four months on counts Thirty-Eight to Seventy-Eight, with the two sentences to run concurrently.  No direct appeal was filed.

Long filed this §2255 motion pro se asserting, inter alia, that his counsel was ineffective for failing to file a notice of appeal, and for failing to withdraw as counsel of record.

## LAW AND ANALYSIS

David Willard ("Willard"), defendant's lead counsel, was placed in an inpatient drug treatment program prior to Long being sentenced.  Willard has not formally withdrawn from his representation of Long, and, according to Long, has not been in contact with Long since Willard's hospitalization.  Long asserts that he told Willard's co-counsel, Shonda LeGrande ("LeGrande"), at

2

the sentencing hearing that he wanted to appeal his conviction. Long further asserts that he was unable to file his own appeal because the Court ordered that he could not address the Court except through counsel. Long asserts that he again advised LeGrande of wanting to appeal when she visited Long at Lafayette Parish Correctional Center ("LPCC") approximately one week after sentencing. LeGrande states in her affidavit filed in support of the Government's Answer that neither Long nor any of his family members ever specifically directed her to file an appeal. No appeal was ever filed.

Long has alleged facts that would constitute ineffective assistance of counsel and give rise to a right to an out-of-time appeal under Roe v. Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). Although the Government responded to Long's allegations with the affidavit of LeGrande, defendant has shown that he reasonably demonstrated to LeGrande that he was interested in appealing: Long asked LeGrande whether she would represent him on appeal and Long's mother asked LeGrande if she could recommend someone to handle Long's appeal, which LeGrande did. Further, Long asserts that he twice told LeGrande that he wanted to appeal. Relief is, thus, warranted.

In United States v. West, 240 F.3d 456 (5th Cir. 2001), the Fifth Circuit explained the judicial remedy of allowing an out-of-time appeal, and the procedural steps that must be taken to permit appellate jurisdiction over the appeal. The West Court instructed that the district judge reinstate on the criminal docket the underlying criminal judgment. Thereafter, the time for appeal is the ten days permitted by Federal Rule of Appellate Procedure 4(b)(1)(A). Further, when a §2255 motion joins a claim for an out-of-time appeal with other claims, the district court may permit the appeal to proceed and hold the other claims in abeyance pending the outcome of the appeal. See United States v. Orozco-Ramirez, 211 F.3d 862, 871 n. 15 (5th Cir. 2000).

3

## CONCLUSION

For the reasons stated above, Long's §2255 motion [Doc. #78] is resolved by granting Long

the judicial remedy of an out-of-time direct appeal.  All other claims for relief pending in Long's

motion and amendment are **STAYED** and **HELD IN ABEYANCE** pending the outcome of the

appeal.  In accordance with the dictates of <u>United States v. West</u>, 240 F.3d 456 (5th Cir. 2001),

Long's Judgment of Conviction is to be hereby **REINSTATED** on the docket of this Court as of the

date of this Ruling's corresponding Order.  The ten-day delay for Long's appeal provided for in

Federal Rule of Appellate Procedure 4(b)(1)(A) shall begin to run as of that date.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

4